# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv462

| | |
|---|---|
| CHRISTIAN CASEY LLC, a New York Limited Liability Company dba SEAN JOHN, and STUDIO IP HOLDINGS LLC, a Delaware Limited Liability Company, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>VARIETY WHOLESALERS, INC., a North Carolina Corporation, and DOES 1-10, inclusive, )<br><br>Defendants. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Compel [Doc. 29]; the Plaintiffs' Motion for Summary Judgment [Doc. 30]; the Defendant's Motion for Summary Judgment [Doc. 33]; and the Defendant's Motion in Limine [Doc. 56]. The Court held a hearing on these motions on February 27, 2009.

For the reasons stated in open court, **IT IS, THEREFORE, ORDERED**:

(1) Plaintiffs' Motion for Summary Judgment [Doc. 30] and the Defendant's Motion for Summary Judgment [Doc. 33] are **DENIED**.

(2) Plaintiffs' Motion to Compel [Doc. 29] is **GRANTED** to the extent that the Defendant is hereby **ORDERED** to produce, on or before March 9, 2009, data regarding sales by the Defendant of any products bearing SeanJohn or Rocawear Marks, which the Defendant purchased from Pacesetter from January 2003 to December 2006. This sales data shall be segregated by month, shall indicate the aggregate amount of monthly sales, and shall identify the products sold by their respective Pacesetter identification number (SKU). In all other respects, Plaintiffs' Motion to Compel [Doc. 29] is **DENIED**.

(3) Defendant's Motion in Limine [Doc. 56] is hereby **DEFERRED** until the Final Pre-Trial Conference.

**IT IS FURTHER ORDERED** that the Pretrial Order and Case Management Plan [Doc. 14] previously entered in this matter is hereby **AMENDED** as follows:

(1) COUNSEL'S DUTIES PRIOR TO TRIAL: <u>Either one week before the Trial Date or at the final pretrial conference</u>, which ever is **earlier**, counsel for all parties shall:

    (a) Discuss the possibility of a settlement;

    (b) Exchange copies of exhibits or permit inspection if copying is impractical;

    (c) Number and become acquainted with all exhibits;

    (d) Agree upon the issues, reduce them to writing and file them with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court; and

    (e) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts a possible to facilitate the trial of the case.

(2) Any depositions *de bene esse* shall be completed on or before **March 31, 2009.**

(3) No later than **seven (7) calendar days** prior to the Final Pre-Trial Conference, counsel shall file their respective designations of the depositions that the parties intend to

use at trial. Objections to any such designations shall be filed **two (2) calendar days** prior to the Final Pre-Trial Conference.

(4) No later than **seven (7) calendar days** prior to the Final Pre-Trial Conference, counsel for each party shall file any motions *in limine*. Responses to any such motions must be filed no later than **two (2) calendar days** prior to the Final Pre-Trial Conference.

(5) In all other respects, the Pretrial Order and Case Management Plan [Doc. 14] remains in full force and effect.

**IT IS SO ORDERED.**

Signed: March 6, 2009

Martin Reidinger
United States District Judge